IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SANDRA W. PHELPS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-03-769 |
| | § | |
| | § | |
| JO ANN BARNHART, | § | |
| COMMISSIONER OF | § | |
| SOCIAL SECURITY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Plaintiff, Sandra W. Phelps, has moved for attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 *et seq*. (Docket Entry No. 38). The EAJA mandates an award of attorney's fees to a "prevailing party" in a civil action against the United States where the government's position was not "substantially justified," no "special circumstances" make an award unjust, and the fee application is submitted to the court within 30 days of final judgment. 28 U.S.C. § 2412(d)(1); *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1078–79 (7th Cir. 2000). This court reversed and remanded the Commissioner's decision under sentence four of § 405(g). Phelps was the prevailing party in this litigation. The Commissioner does not oppose an award of fees; her lack of opposition is a concession that her position was not substantially justified. The Commissioner does, however, challenge the total number of hours claimed as excessive, asserting that they should

1

be reduced from the 50.30 hours claimed to 38.80 hours.

An award in this case is clearly appropriate. The issue is whether the amount sought is reasonable. Phelps has the burden to show that the number of hours expended on the litigation was reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The reasonableness of the total fee request is evaluated in light of twelve factors set forth in *Hensley*: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.
*Id.* at 430 n.3.

Phelps requests fees in the total amount of $7,922.25, representing 50.30 hours, 2.85 hours of which were devoted to drafting and filing the EAJA application. The Commissioner argues that the request is too high. She notes that prevailing parties should make a good faith effort to exclude hours that are excessive, redundant, or otherwise unnecessary.

The Commissioner challenges Phelps's request for fees for 5.50 hours to draft and complete the complaint, asserting that it is a routine social security complaint. This case, however, was not routine. Rather, it presented challenging issues relating to the denial of her claim that she was disabled because of mental impairments or whether she was qualified to

perform certain jobs despite evidence of severe disorders. The amount of time spent on drafting the complaint is not excessive.

The Commissioner also disputes Phelps's request for fees for 4.70 hours for filing or preparing certain documents that involved "essentially clerical work." This court agrees that .5 hours for faxing a document is clerical work. Entries for times ranging from .25 to .65 hours for preparing and/or filing other documents are not "essentially" or necessarily clerical and may be the basis for a fee award.

The Commissioner disputes Phelps's request for 2.65 hours for reviewing "routine" documents, including a number of court orders. The Commissioner asserts that the time spent should not have exceeded .10 hours per document for a total of 1.20 hours. The amount of time counsel for Phelps spent ranges from .05 hours to .20 hours. There is no indication that counsel mechanically billed quarter-hour units or spent excessive amounts of time. The 2.65 hours claimed are not excessive.

The Commissioner asserts that only 1.5 hours, rather than 2.85 hours, should be awarded for preparing and filing the EAJA application. The Commissioner's argument ignores the fact that this was not a routine case, but one plagued by inconsistent and unsupported positions and by extensive delays. The slight additional amount of time counsel spent on the EAJA application over what the Commissioner asserts is acceptable in a routine case reflects the unusual aspects of this case.

The Commissioner essentially seeks a cap of 40 hours on a social security case. Again, this argument fails to take into account the record in this case, which reflects the

3

complications and delays caused by problems in the Commission.

Finally, the Commissioner challenges the increase over the $125 hourly rate based on the Consumer Price Index for 2006. The Fifth Circuit has held that the cost-of-living adjustment applies based on when the work was performed, not when the fees are claimed. *Perales v. Casillas*, 950 F.2d 1066, 1079 (5th Cir. 1992). The bulk of the work in this case was performed in 2003, and the cost-of-living adjustment must be applied based on the year the services were performed. Fees incurred in a particular year must be indexed using the cost-of-living multiplier applicable to that year, and so on for each year in which fees were incurred. Adjusting the rates to the amounts applicable for the year the fees were incurred results in reasonable hourly rates.

Phelps is entitled to attorney's fees for a total of 50.25 hours. The hourly rate must be adjusted to reflect the cost-of-living adjustment for the year in which the work was completed.

SIGNED on August 16, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge